UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CESAR LEONARDO HERNANDEZ CRISTOBAL,
A-216-098-945

        Petitioner,

    v.

MARKWAYNE MULLIN, et. al.,

        Respondents.

No.  1:26-cv-02604-DAD-DMC-HC

FINDINGS AND RECOMMENDATIONS

Petitioner, an immigration detainee proceeding with retained counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pending before the Court is Respondents' motion to dismiss, ECF No. 5, Petitioner filed an opposition, ECF No. 6.

**I. BACKGROUND**

According to Petitioner, he "a citizen of Guatemala that entered the United States on or around July 16, 2004 . . . [and] has continuously resided in the United States for more than 20 years." ECF No. 1, pg. 5. Petitioner asserts that his three minor children are citizens of the Untied States and Petitioner is responsible for providing for them. See id. Petitioner contends he was detained on January 19, 2026. See id. Petitioner argues his detention is pursuant to § 1226(a)

1

because he has been living in the United States for over 20 years and applying "§ 1225(b)(2) to Petitioner unlawfully mandates his continued detention and violates the INA [Immigration and Naturalization Act]." Id. at 10. Petitioner additionally asserts his detention violates his due process rights because he is detained "without a bond redetermination hearing to determine whether Petitioner is a flight risk or danger to others." Id.

Respondents argue that, despite the fact that "the majority of judges in the Eastern District of California have rejected the argument [Respondents] maintain[] that Petitioner is an 'applicant for admission' who is subject to mandatory detention by ICE under 8 U.S.C. § 1225(b)." ECF No. 5, pg. 1. Respondents therefore request the petition be denied "because there is no such liberty interest, and Petitioner's detention is mandated by statute." Id. at 2.

## II. DISCUSSION

The undersigned finds Petitioner is subject to § 1226(a) and his detention, absent a warrant issued by the Attorney General and absent a statutorily required bond hearing, Petitioner's detention violates the INA. The undersigned will accordingly recommend that Petitioner be released immediately. In light of this finding and recommendation, the undersigned finds it is not necessary to consider Petitioner's due process claims.

Under the INA, 8 U.S.C. § 1226(a) ("§ 1226(a)") "provides the general process for arresting and detaining [noncitizens] who are present in the United States and eligible for removal." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022). Under § 1226(a), the Government has broad discretion whether to release or detain the individual. Id. Further, § 1226(a) provides several layers of review for an initial custody determination. Id. It also confers "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." Id. at 1202. Conversely, 8 U.S.C. § 1225(b)(2) ("§ 1225(b)(2)") mandates detention during removal proceedings for applicants "seeking admission" and does not provide for a bond hearing.

///

2

This Court, and many others, have repeatedly found that § 1225(b) applies only to noncitizens "seeking admission" — a category that does not include noncitizens like Petitioner who were detained within the United States. See Morales-Flores v. Lyons, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (explaining this Court's reasons for taking this position); Zapata v. Kaiser, 801 F. Supp. 3d 919, 2025 WL 2741654, at *10 (N.D. Cal. 2025) (citing Salcedo Aceros, 2025 U.S. Dist. LEXIS 179594, 2025 WL 2637503, at *8) (collecting cases). Thus, courts have determined that section 1226 rather than section 1225 is the appropriate section to apply in cases in which a noncitizen is already living in the United States. Cruz v. Noem, No. 1:26-cv-01818-DC-EFB (HC), 2026 U.S. Dist. LEXIS 71893, *8-9 (E.D. Cal. April 1, 2026) (collecting cases).

The undersigned acknowledges the decisions by the Fifth and Eighth Circuit Courts of Appeals in support of Respondents' argument that Petitioner is subject to § 1225(b). See ECF No. 7, pg. 3. However, other Circuit Courts have held differently, and the Ninth Circuit has yet to address the issue. The Seventh Circuit Court of Appeals concluded that DHS is "not likely to succeed on the merits of their argument that those individuals, whom ICE arrested without a warrant [in the interior of the United States], are subject to mandatory detention under § 1225(b)(2)(A)." Castañon-Nava v. U.S. Dep't of Homeland Security, 161 F.4th 1048, 1060-62 (7th Cir. 2025). Similarly, the Second Circuit held that "Section 1225(b)(2) therefore applies only to (1) noncitizens who are present and have not been admitted, and (2) are requesting (3) lawful entry into the United States after inspection and authorization" and therefore, a noncitizen who "is not requesting lawful entry into the United States" is subject to Section 1226, given the use of the term "an alien," which has a broader application. Da Cunha v. Freden, 2026 LX 255042, at *18 and*48-49 (2d Cir. Apr. 28, 2026). Further, the Sixth Circuit found that "'§ 1225(a) applies to aliens already present in the United States,'" given the text of the statute, canon against surplusage, and "the government's previously unbroken 29-year streak of applying § 1226(a) as opposed to § 1225(b)(2)(A) to noncitizens" who have lived within the United States for years. Lopez-Campos v. Raycraft, 2026 LX 250200, at *31-31 and *15 (6th Cir. May 11, 2026) (quoting Jennings v. Rodriguez, 583 U.S. 281, 303 (2018))

Following and adopting the reasoning of other courts, the undersigned finds Petitioner is not actively "seeking admission" because he has been living in the United States for years. See Castañon-Nava, 161 F.4th at 1060-62; Da Cunha, 2026 LX 255042, at *18 and*48-49; Lopez-Campos, , 2026 LX 250200, at *31-31 and *15; Salcedo Aceros, 2025 WL 2637503, at *8 (collecting cases concluding that § 1225 applies only to noncitizens "seeking admission," a category that does not include noncitizens like Petitioner, living in the interior of the country.).

Such determination is further supported by the factual record here because there is no evidence in the record that an immigration officer made the requisite determinations for § 1225(b)(2)(A) to apply – that Petitioner is seeking admission and not clearly and beyond a doubt entitled to be admitted. Thus, given Petitioner is not "seeking admission," he therefore is not subject to mandatory detention under § 1225(b) and is instead subject to § 1226(a) which entitles Petitioner to the process that statute requires, including a bond hearing at a minimum. Respondents here have not provided Petitioner a bond hearing, in violation of the INA.

Further, § 1226(a) provides that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." There is nothing in the record[1] that indicates that Respondents ever issued a warrant for Petitioner's detention, much less a warrant issued by the Attorney General. "As such, it follows that absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a)." Chogllo Chafla v. Scott, No. 2:25-CV-00437-SDN, 2025 WL 2688541, at *11 (D. Me. Sept. 22, 2025) (emphasis in original). Thus, Petitioner's initial detention violated the INA as the process required by § 1226(a) was not afforded to Petitioner.

The assigned District Judge has previously ordered release of a petitioner detained pursuant to § 1226(a) absent a warrant, as Petitioner was here. See Mayen v. Warden, California City Detention Ctr., No. 1:26-CV-02354-DAD-AC, 2026 WL 1158217, at *2 (E.D. Cal. Apr. 29, 2026) (ordering petitioner's immediate release as a remedy for failure to issue a warrant prior to

---

[1] Respondents were directed to "include with the response any and all transcripts or other documents relevant to the determination of the issues presented in the habeas application." ECF No. 4. Respondents failed to attach any documents to the motion to dismiss.

4

detaining petitioner, rejecting respondents' argument that a bond hearing was the proper remedy); see also J.A.C.P. v. Wofford, No. 1:25-cv-01354-KES-SKO (HC), 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025) (ordering the petitioner's immediate release after determining petitioner could not be detained pursuant to § 1225(b) and had not been properly detained pursuant to § 1226(a)).

Accordingly, the undersigned will recommend that the petition be granted, Petitioner be released immediately, and Respondents be permanently enjoined and restrained from re-detaining petitioner under 8 U.S.C. § 1226(a), unless petitioner is provided with a bond hearing pursuant to 8 C.F.R. § 1236.1(c)(8).

### III. CONCLUSION

Based on the foregoing, the undersigned recommends:

1.    It is RECOMMENDED that the petition for writ of habeas corpus, ECF No. 1, be GRANTED as to Petitioner's claim his detention violates the INA;

2.    It is RECOMMENDED that Respondents be ORDERED to immediately release Petitioner with appropriate conditions of supervision with all Petitioner's documents and possessions;

3.    It is RECOMMENDED that Respondents be ORDERED to file a notice of compliance within three (3) days of the District Judge's order;

4.    It is RECOMMENDED that Respondents be PERMANENTLY ENJOINED and RESTRAINED from re-detaining petitioner under 8 U.S.C. § 1226(a), unless petitioner is provided with a bond hearing pursuant to 8 C.F.R. § 1236.1(c)(8).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see

also Local Rule 304(b).  Thus, within 7 days after being served with these findings and recommendations, any party may file written objections with the Court.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 21, 2026

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE