UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CESAR LEONARDO HERNANDEZ CRISTOBAL,

Petitioner,

v.

MARKWAYNE MULLIN et al.,

Respondents.

No.  1:26-cv-02604-DAD-DMC (HC)

ORDER GRANTING PETITION FOR WRIT OF *HABEAS CORPUS*, DENYING MOTION TO DISMISS, DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT, AND DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS

(Doc. Nos. 1, 5, 7, 10)

On April 6, 2026, petitioner Cesar Leonardo Hernandez Cristobal, A-File No. 216-098-945, proceeding through counsel, filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by Immigration and Customs Enforcement ("ICE").  (Doc. No. 1.)  On April 16, 2026, the assigned magistrate judge set a briefing schedule with respect to the pending petition.  (Doc. No. 4.)  On April 27, 2026, respondents[1] filed a motion to dismiss the petition on the grounds that petitioner is an "applicant for admission" subject to mandatory detention pursuant to 8 U.S.C. § 1225(b).  (Doc. No. 5 at 1–2.)  On May 21, 2026, the assigned

---

[1]  Pursuant to Federal Rule of Civil Procedure 25(d), Todd Blanche, as acting Attorney General, is automatically substituted in place of respondent Pamela Bondi.  Fed. R. Civ. P. 25 ("The officer's successor is automatically substituted as a party.").

1

magistrate judge issued findings and recommendations recommending that the petition be granted.  (Doc. No. 10.)

On May 20, 2026, petitioner filed a motion for temporary restraining order seeking his immediate release from custody.  (Doc. No. 7.)  On the same day, the court set a briefing schedule as to petitioner's motion for a temporary restraining order and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several prior cited cases that this court has decided, or otherwise indicate that respondents oppose the motion for the reasons outlined in their motion to dismiss.  (Doc. No. 8.)  In the same order, the court stated that if it determined that petitioner was entitled to the relief sought in his temporary restraining order, then the court would rule on the merits of the underlying petition.  (*Id.*)  The court further directed that if respondent opposed the court ruling on the underlying petition based upon the briefing presently before the court, respondent must so indicate and provide substantive reasons in support of that position in the opposition.  (*Id.*)

On May 20, 2026, respondents filed an opposition to the pending motion for a temporary restraining order wherein they concede that "there are no significant factual or legal issues in this case that materially distinguish it from the cases identified" in the court's May 20, 2026 minute order.  (Doc. No. 9 at 1.)  Respondents further indicated that they "oppose the motion for temporary restraining order for the reasons provided in Respondents' prior filing."  (*Id.*) (citing Doc. No. 5).  Finally, respondents do not oppose the undersigned ruling on the merits of the petition based upon the current briefing.  (*Id.*)

Petitioner entered the United States on or about July 16, 2004 and has continuously resided in this country for over 20 years.  (Doc. No. 1 at ¶ 14.)  His first interaction with immigration officials occurred in January 2026 when ICE arrested him.[2]  (*Id.* at ¶ 16.)  Petitioner has remained in immigration custody since his arrest and there is no indication that he has received a bond hearing.

---

[2]  In the pending petition, petitioner alleges that he was detained on January 19, 2026 (Doc. No. 1 at ¶ 16), but in the motion for temporary restraining order, he alleges that he was detained on January 20, 2026 (Doc. No. 7 at 2).  Petitioner also asserts in the pending motion that ICE arrested him in Maryland (*Id.*), and respondents do not dispute this fact.

2

As to respondents' contention that petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b), the court has rejected this argument on several prior occasions. *Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *1–3 (E.D. Cal. Feb. 12, 2026). Accordingly, having considered the circumstances surrounding petitioner's detention, the court concludes that petitioner can only be lawfully detained pursuant to 8 U.S.C. § 1226(a), not § 1225(b). *See Quichimbo-Jimenez v. Warden, Cal. City Corr. Ctr.*, No. 2:26-cv-00739-DAD-EFB, 2026 WL 679378, at *1–2 (E.D. Cal. Mar. 10, 2026). Further, because respondents have unlawfully detained petitioner pursuant to § 1225(b), the court adopts the reasoning set forth in *J.P.C. v. Chestnut*, No. 1:26-cv-02108-DAD-JDP, 2026 WL 788129, at *2 (E.D. Cal. Mar. 20, 2026) and *Valencia Cardenas v. Chestnut*, No. 1:26-cv-02073-DAD-SCR (HC), 2026 WL 785871, at *1 (E.D. Cal. Mar. 20, 2026) and concludes that the appropriate remedy under the circumstances is to order petitioner's immediate release.

For the reasons above,

1.  Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:

    a.  Respondents are ORDERED to immediately release petitioner Cesar Leonardo Hernandez Cristobal, A-File No. 216-098-945, from respondents' custody;

    b.  Respondents are ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without notice and a hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a);

2.  Respondent's motion to dismiss (Doc. No. 5) is DENIED;

3.  Petitioner's motion for temporary restraining order (Doc. No. 7) is DENIED as having been rendered moot by this order granting the petition for writ of *habeas corpus*;

4.  The court DECLINES to adopt the findings and recommendations (Doc. No. 10) filed on May 21, 2026 because they too have been effectively rendered moot by

/////

3

this order granting the petition for habeas relief on the merits based upon the briefing before the court on petitioner's motion for a temporary restraining order;

5.    The Clerk of the Court is directed to substitute Todd Blanche in place of Pamela Bondi;

6.    The Clerk of the Court is directed to serve the California City Immigration Processing Center with a copy of this order; and

7.    The Clerk of the Court is also directed to enter judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:    **May 22, 2026**                    _____
                                              DALE A. DROZD
                                              UNITED STATES DISTRICT JUDGE

4